```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NES FINANCIAL CORP.,                :
                                    :
         - against -                :    11 Civ. 3437 (VM)
                                    :
JPMORGAN CHASE BANK,                :    **DECISION AND ORDER**
NATIONAL ASSOCIATION,               :
                                    :
              Defendant.            :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

The Court has received two motions in limine from NES Financial Corp. ("NES") dated August 24, 2012. NES requests that the Court:

(1) preclude defendant JPMorgan Chase Bank, N.A. ("JPMorgan") from publicly identifying specific JPMorgan Property Exchange ("JPEX") clients at trial; and

(2) exclude all evidence relating to an October 2011 valuation report prepared by Duff & Phelps for Northbrook Bank.

### I. PUBLICLY IDENTIFYING JPEX CLIENTS

The Court finds that NES's request that JPMorgan refrain from identifying exchange clients by redacting client names and employing pseudonyms for more than 170 JPEX clients to be unduly burdensome and unnecessary to protect confidential client information. By bringing the

present lawsuit, NES has affirmatively placed at issue transactions with these clients and therefore it is unreasonable to burden JPMorgan with the responsibility to redact all references to JPEX clients. The Court further finds that it would be unwieldy and unnecessary to require witnesses to employ pseudonyms during trial when referring to JPEX clients. Nevertheless, the Court recognizes that portions of these documents may contain legitimately sensitive client information such as bank account numbers or tax records. Therefore, the Court GRANTS in part and DENIES in part NES's motion and orders JPMorgan to redact legitimately sensitive client information such as bank account numbers or tax records, but JPMorgan need not refrain from identifying JPEX clients by name.

## II.   THE DUFF & PHELPS REPORT

The Court finds that the information in the Duff & Phelps report is not admissible. The Duff & Phelps report was commissioned by a non-party for another purpose independent of the current action and contains out-of-court statements by unidentified individuals, purportedly affiliated with "NES management." The Court cannot evaluate the veracity or accuracy of such statements. Nor can it determine the identity or authority of the speaker to make them attributable to NES. Therefore, the report is

inadmissible hearsay and would not qualify as a party admission under Federal Rule of Evidence 801(d). Accordingly, the Court GRANTS Plaintiff's motion to exclude from trial all evidence relating to the Duff & Phelps report.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion in limine (Docket No. 47) of plaintiff NES Financial Corp. ("NES") to preclude defendant JPMorgan Chase Bank, N.A. ("JPMorgan") from identifying certain customers at the trial of this action is DENIED in part and GRANTED in part as set forth above; and it is further

**ORDERED** that NES's motion in limine (Docket No. 47) to preclude JPMorgan from introducing information from the Duff & Phelps report referred to above is GRANTED.

**SO ORDERED.**

Dated:   New York, New York
         12 September 2012

                                    _____
                                    VICTOR MARRERO
                                    U.S.D.J.